UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:15 CR 136 |
| | ) | |
| DANIEL P. BEWLEY | ) | |

## OPINION and ORDER

This matter is before the court on defendant Daniel Bewley's *pro se* motion for compassionate release. (DE # 54.) For the reasons that follow, the motion is denied.

I.     BACKGROUND

In July 2018, following his guilty plea, this court sentenced Bewley to a 33-month term of imprisonment, to be followed by a three-year term of supervised release, for wire fraud and filing false income tax returns, in violation of 18 U.S.C. § 1343 and 26 U.S.C. § 7206(1). (DE # 52.) Bewley is currently incarcerated at FCI Terre Haute, in Terre Haute, Indiana. He is 37 years old and has a projected release date from prison of January 5, 2021. Federal Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc/ (last accessed Aug. 17, 2020).

Bewley styles his motion as a request for compassionate release pursuant to 18 U.S.C. § 3585. (DE # 54.) However, it is clear from the text of his motion that he seeks home confinement pursuant to 18 U.S.C. § 3624(c)(2) and the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020).

Bewley's motion does not identify any basis for his request. However, from the documents submitted with his motion, it appears that Bewley submitted a request to

the Bureau of Prisons (BOP) for home confinement, on the basis that his wife is a healthcare worker and he is needed at home to care for his two minor children – one of whom has asthma. (DE # 54 at 2.) Bewley's motion indicates that, as of April 2020, his request was approved and he is waiting for placement on home confinement. (*Id.* at 1.)

Pursuant to this court's General Order 2020-11, the undersigned referred Bewley's motion to the Northern District of Indiana Federal Community Defenders (FCD) to determine whether Bewley may be eligible for a reduction in sentence in accordance with Section 603 of the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018). (DE # 55.) The FCD filed a notice of non-representation. (DE # 58.) The Government opposes Bewley's motion. (DE # 60.) Bewley has not filed a reply and the time to do so has passed. *See* N.D. Ind. L.R. 7-1(d)(3)(B); N.D. Ind. L. Cr. R. 1-1(b). This matter is ripe for ruling.

## II.     ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). However, a handful of statutory exceptions exist, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with the applicable policy statements issued by the

Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

    **1.   Exhaustion**

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the BOP before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Bewley has not exhausted his administrative remedies under § 3582(c)(1)(A) because in his request to the warden, and indeed in his motion before this court, he does not seek relief under § 3582(c)(1)(A). Rather, Bewley requested that the warden permit him to serve his remaining term of imprisonment on home confinement, pursuant to the guidelines set forth in the First Step Act. (DE # 54 at 2.) In his motion before this court, Bewley seeks compassionate release pursuant to an executive order signed by the United States Attorney General, pursuant to the Cares Act. (*Id.* at 1.) Bewley has conflated two different avenues for relief created by the passage of the First Step Act, only one of which grants this court authority to act.

Section 603 of the First Step Act modified § 3582(c)(1)(A) to permit defendants to pursue a motion for compassionate release directly with the district courts. This section grants district courts authority to reduce a defendant's sentence. Again, however, Bewley does not seek a reduction in sentence under § 3582(c)(1)(A), he seeks re-location to home confinement.

3

Section 602 of the First Step Act expanded § 3624(c)(2) by adding the following language: "The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." Pub. L. No. 115-391, § 602, 132 Stat. at 5238. Congress subsequently passed the CARES Act, in response to the global outbreak of COVID-19. The relevant portion of the CARES Act states,

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

134 Stat. at 517.

Bewley requested that the warden of his facility re-locate him to home confinement. However, once a sentence is imposed, the BOP is solely responsible for determining an inmate's place of incarceration. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); *United States v. Richard*, No. 17-30014, 2020 WL 4500670, at *8 (C.D. Ill. Aug. 5, 2020) ("[T]he Court lacks authority to direct the BOP to place the Defendant in home confinement[.]"). Section 3624(c)(2) and the CARES Act grant authority to the Attorney General and the Director of the Bureau of Prisons – not the courts – to modify the location of imprisonment. *See Nathan v. Watson*, No. 219CV00605JMSMJD, 2020 WL 979873, at *2 (S.D. Ind. Feb. 28, 2020) (Section 3624(c)(2)); *United States v. Neeley*, No. 114CR00096SEBTAB, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020) (CARES Act). This court has no authority to

4

grant Bewley relief he seeks.[1]

Bewley did not request that the BOP grant him compassionate release pursuant to § 3582(c)(1)(A)(i), and thus he has not exhausted his administrative remedies under this section. However, even if Bewley had exhausted his administrative remedies, his motion would be denied on the merits because he has not identified any extraordinary or compelling reason to justify his early release from prison.

### 2. Extraordinary and Compelling Reasons

The court is only authorized to grant Bewley's request if there exists "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, as is relevant here: there is the "death or incapacitation of the caregiver of the defendant's minor child or minor children;" or the defendant "is suffering from a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and

---

[1] The court notes that, under § 3582(c)(1)(A)(i), where the conditions for compassionate release are met, the court could grant a defendant compassionate release and impose a term of supervised release that includes a period of home detention.

5

compelling reason justifying a reduction in the defendant's term of imprisonment.[2] U.S.S.G. § 1B1.13 cmt. n.1.

In his letter to the warden of his facility, Bewley states that he seeks release from prison to care for his two minor children because his wife works in environmental services for a hospital. (DE # 54 at 2.) He claims that his wife's work places her at an increased risk of contracting COVID-19, and that one of his children has acute asthma. (*Id.*) While this court is sympathetic to Bewley's concerns, Bewley has not established "the death or incapacitation" of the caregiver of his children.

Additionally, Bewley has not identified any other extraordinary or compelling reason to justify the extreme remedy of his early release from prison. While Bewley's letter to the warden makes brief reference to his concern that he is "in jeopardy of the ongoing pandemic" (*id.*), he has not identified any factor that might place him at an increased risk of harm, were he to contract the virus. A general fear of contracting the virus at his facility is not an extraordinary and compelling reason to reduce his sentence. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of COVID-19 in a particular prison (or the BOP generally) cannot justify compassionate

---

[2] The court notes that § 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release.

6

release - if it could, every inmate in that prison could obtain release.").

Compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). Bewley has not established that he is entitled to such extraordinary relief. Accordingly, even if Bewley had exhausted his administrative remedies, his motion would be denied.

### III. CONCLUSION

For the foregoing reasons, the court **DENIES** defendant Daniel Bewley's motion for compassionate release. (DE # 54.)

**SO ORDERED.**

Date: August 19, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT